IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE,   :
          :  I.D. No. 1302020005
  v.        :
          :
RONALD WAID,     :
          :
  Defendant.    :

Submitted: August 27, 2014
Decided: September 9, 2014

**ORDER**

Upon the State's Motion *in Limine* to Exclude Medical
Evidence Obtained in Violation of Privilege.
*Granted.*

Lindsay Taylor, Esquire, Department of Justice, Dover, Delaware; attorney for the
State of Delaware.

Alexander W. Funk, Esquire and Patrick C. Gallagher, Esquire of Curley & Benton,
LLC, Dover, Delaware; attorneys for Defendant.

WITHAM, R.J.

## INTRODUCTION

Before the Court is the State's motion in limine to exclude counseling records of a minor victim's therapy sessions obtained by Defendant Ronald Waid (hereinafter "Defendant") pursuant to a subpoena, on two alternative grounds; (1) such information constitutes a violation of the Health Insurance Portability and Accountability Act (hereinafter "HIPAA") and (2) such information is protected by the evidentiary mental health provider privilege, and Defendant has failed to follow the required procedure necessary to obtain the privileged information.

## FACTUAL BACKGROUND

Defendant is charged with five counts of Rape in the First Degree and one count of Continuous Sexual Abuse of a Child, allegedly committed upon his biological daughter (hereinafter "Daughter"), who was a minor at the time the alleged offenses took place. Beginning in approximately 2005 or 2006–after the alleged offenses had occurred–the Daughter received mental health counseling from Gail Croft (hereinafter "Croft"), who is employed by Delaware Guidance Services (hereinafter "Delaware Guidance"). The Daughter's counseling sessions with Croft have continued to the present day.

On February 27, 2014, Croft informed the State that Defendant, via counsel and one of counsel's associates, obtained Croft's records from her sessions with the Daughter pursuant to a subpoena. As was clarified at the hearing on this motion, the subpoena was not issued pursuant to a Court order, but by Defendant's counsel through the Prothonotary's office. The subpoena failed to specifically target

information and broadly orders production of "all counseling records relative to [the daughter], including, but not limited, all notes, reports, documents, opinions and anything else generated concerning [the daughter's] treatment with Delaware Guidance Services." The State was not aware of the subpoena until Croft informed them of it.

Croft informed the State on February 27 that Delaware Guidance complied with the subpoena (because Delaware Guidance believed that the subpoena was approved by the Court), and it allowed Defendant's counsel to review Croft's records over the course of two days. During that time, counsel took copious notes of the records, and copied three specific documents from the records. Again, the State was not aware of this until Croft brought the issue to the State's attention.

On March 24, 2014, the State filed the instant motion *in limine* to preclude Defendant from utilizing the records or any information obtained from them. First, the State contends that pursuant to HIPAA, Defendant was required to attach certain documents to the subpoena in order to comply with the statute, including a "showing of satisfactory assurances." Failure to do so, the State argues, precludes Defendant from using the records at trial. Second, the State contends that Daughter (through her guardian) did not waive her mental health provider-patient privilege with regards to the document. The State further argues that there is a strict procedure that must be followed, independent of HIPAA, in order for a defendant to obtain privileged information. The State primarily relies on the Superior Court's decision in *Wood v.*

3

*State*,[1] which summarizes Delaware precedent on this issue.

A hearing was held on the motion on June 2, 2014, the day on which trial was scheduled to begin. When asked by the Court, counsel for Defendant stated that no response to the State's motion was filed because counsel perceived this as a "trial issue" that required no briefing. The Court takes umbrage with this position, because Defendant's lack of response has prolonged this issue to the eve of trial, when it could have easily been resolved months earlier if properly briefed.[2]

The State's argument under HIPAA was not directly addressed by Defendant at the hearing, apart from a contention by Defendant that it was not Defendant's burden to make a showing of satisfactory assurances. As to the privilege argument, Defendant acknowledged that while *Wood* established a procedure to be followed when a defendant seeks information protected by the mental health provider privilege, those requirements have been satisfied pursuant to the Delaware Supreme Court's adoption of *Wood* in *Burns v. State*.[3] Defendant contended that he established an entitlement to an *in camera* hearing under *Wood* and *Burns* on whether Defendant can use Daughter's confidential therapy records at trial. Defendant argues that there is evidence contained in the records that is "highly probative" for impeachment purposes, and implied that because Daughter did not raise these allegations until her

---

[1] 2007 WL 441593 (Del. Super. Feb. 1, 2007).

[2] It must be noted that this delay has caused this case to be rescheduled as a consequence.

[3] 968 A.2d 1012 (Del. 2009).

therapy with Croft commenced indicated that there was impeachment value in these records.[4]  Finally, Defendant's counsel contended that he did not follow the *Wood* procedure because it was "common law" and thus he was not aware of it.

## DISCUSSION

The pertinent provisions of the federal regulations interpreting HIPAA are lengthy and fully transcribed in the State's motion, and will not be rehashed here. The regulations explain the standard and requirements for when protected HIPAA information may be disclosed pursuant to an order in a judicial or administrative proceeding.[5]  Put simply, a "covered entity" may disclose protected health information during a judicial proceeding in order to comply with a subpoena unaccompanied by a court order, if the covered entity receives satisfactory assurances from the seeker of the information that: (1) reasonable efforts have been made to give notice of the request to the individual whose health information is protected; or (2) reasonable efforts have been made to secure a qualified protected order.[6]  A showing of satisfactory assurances in either of the two foregoing scenarios entails a written statement and accompanying documentation demonstrating the good faith efforts made by the seeker of the information to provide notice or procure a

---

[4] However, Defendant fails to provide the Court with any basis or facts supporting its contention that Daughter can be impeached.  Instead, Defense counsel states generally that the information is needed "for impeachment purposes."

[5] *See generally* 45 C.F.R. § 164.512(e).

[6] *Id.*

qualified protective order.[7]

There was not enough information adduced from the State's motion nor at the hearing for the Court to conclude that, even if Defendant did violate HIPAA by not providing a showing of satisfactory assurances to Delaware Guidance along with the subpoena, that such violation precludes Defendant from using that information at trial. Accordingly, the Court shall not address this argument further.

Turning now to the State's second argument, under the Delaware Rules of Evidence, any patient (or the patient's guardian) who received care from a mental health provider may claim a privilege to prevent disclosure of any confidential communication made by the patient to the provider for the purpose diagnosis or treatment.[8] The Delaware Supreme Court has held that subpoenas issued pursuant to Rule 17 of the Delaware Rules of Criminal Procedure cannot be used as a pre-trial discovery device to obtain prior statements of trial witnesses.[9]

In *Wood v. State*, the Superior Court analyzed Delaware precedent on the use of Rule 17 subpoenas to obtain information protected by the mental health provider privilege. *Wood* involved a motion to quash subpoenas that had not yet been issued pertaining to when the Court must balance the competing equities of the defendant's confrontation rights and right to full disclosure of exculpatory information, on the one

---

[7] 45 C.F.R. § 164.512(e)(1)(iii)-(iv).

[8] D.R.E. 503(b)-(c).

[9] *McBride v. State*, 477 A.2d 174, 180 (Del. 1984); *see also* Del. Super. Ct. Crim. R. 17(c).

hand, against the victim's right to privacy on the other.[10]

To obtain such information pursuant to a subpoena, the moving party must show: (1) that the documents are evidentiary and relevant; (2) they are not otherwise procurable in advance of trial by the exercise of due diligence; (3) the party cannot properly prepare for trial, and the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) the application for a subpoena was made in good faith and not intended as a general fishing expedition.[11] Upon this showing, the Court may issue a subpoena for *in camera* review of the records so that the Court may determine, subject to its discretion, what information is relevant.[12] The *in camera* review ensures that the victim's privacy and confidentiality rights are protected, while justifying breach of those rights only when necessary to protect the defendant's right of confrontation.[13]

*Wood* was adopted by the Delaware Supreme Court in *Burns*. The Supreme Court stated that in order to receive an *in camera* hearing, the defendant must: (1) identify precisely the records being sought, and assert a compelling basis for the request; (2) attempt to procure the consent of the victim before for release of the records before resorting to a subpoena; and (3) demonstrate with specificity that the

---

[10] *Wood*, 2007 WL 441953, at *6.

[11] *Id.* at *5 (citations omitted).

[12] *Id.* at *6.

[13] *Id.*

7

information is relevant and material to the defense.[14] As to the third prong, the *Burns* Court explained that the Defendant need only make a "plausible showing" that the information is relevant and material, rather than specifically establishing those requirements.[15] Even if a plausible showing is made, the defendant must still specifically establish what kinds and categories of records are being sought, must show a compelling basis for the request, and must additionally satisfy the trial court that the defendant "is not embarking on a 'fishing expedition.'"[16] The *Burns* Court noted that the trial court may, when necessary, sanction defendants who abuse this process.[17]

Even assuming *arguendo* that Defendant can make a plausible showing of relevancy and materiality under *Wood* and *Burns*, the Court concludes that Defendant has abused the process established by that precedent, and that precluding Defendant from using or referencing any of the Daughter's counseling records or information contained therein is the most appropriate sanction. The Court cannot accept the contentions of Defendant's counsel that he was not aware of the foregoing process simply because it is contained in common law rather than a rule or statute. *Burns* is unequivocally clear that failure to follow this procedure may result in sanctions. As

---

[14] *Burns*, 968 A.2d at 1024 (citing *Wood*, 2007 WL 441953, at *5-6).

[15] *Id.* at 1025-26.

[16] *Id.* (citing *Wood*, 2007 WL 441953, at *5).

[17] *Id.* at 1026.

put by the State during the hearing, Defendant has essentially side-stepped the requirements of *Wood* and *Burns* by impermissibly obtaining Victim's records without approval of the Court, knowledge by the State, and most importantly without first attempting to obtain the consent of Daughter.

Indications by Defendant's counsel at the hearing–such as his contention that he anticipated filing a motion to compel had Delaware Guidance not turned over the documents–convinces the Court that Defendant's obtaining of the records amounted to nothing more than a fishing expedition. He now wishes to boot-strap his way to using the information already received. Further, merely stating that the records are "highly probative" for impeachment purposes does not provide a compelling basis for obtaining the records. Put simply, Defendant has impermissibly failed to comply with the requirements of *Wood* and *Burns*, and has failed to establish that he is entitled to an *in camera* proceeding on the admissibility of the documents.

The purpose of these procedures is to safeguard the Daughter's rights of privacy and confidentiality against impermissible fishing expeditions; those rights have been violated in this case. Sanctions are necessary, and the only sanction that is appropriate is excluding the records and precluding any reference thereto.

A final observation must be made. The fact that Delaware Guidance willingly turned over the records does not amount to a waiver on the party of the State. The privilege is the Victim's alone to waive. That therapists, unlearned in the ways of the law, unwittingly turned over protected documents pursuant to a mistaken belief that they were obligated to do so does not permit Defendant to use those documents at

trial.

**CONCLUSION**

Based on the foregoing, the State's motion *in limine* is **GRANTED.** Defendant is not permitted to admit or otherwise reference Daughter's counseling records at trial.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
xc:    Lindsay Taylor, Esquire
       Alexander W. Funk, Esquire
       Patrick C. Gallagher, Esquire